# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOPEZ, | CASE NO. 1:08-cv-00499-OWW-DLB PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| C. PUGLIESE, et al., | (Doc. 8) |
| Defendants. | |
| _____/ | |

### Screening Order

**I.    Screening Requirement**

Plaintiff Richard Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 11, 2008.  This Court dismissed Plaintiff's complaint with leave to file an amended complaint on  November 4, 2008.  Plaintiff filed his first amended complaint on December 3, 2008, which is presently before the Court.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

1  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

2  1915(e)(2)(B)(ii).

3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

5  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

6  short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

7  Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

8  claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the

9  liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,

10  490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

11  supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union

12  Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268

13  (9th Cir. 1982)).

14  **II.    Summary of Plaintiff's Amended Complaint**

15      Plaintiff is currently housed at the California Substance Abuse Treatment Facility in

16  Corcoran, California, where the claims at issue in this action allegedly occurred.  Plaintiff names

17  Associate Warden Wan, Mailroom Sergeant C. Pugliese, and John Doe I as defendants.

18      Plaintiff alleges that he filed four separate grievances from December 2006 to March

19  2008 regarding his legal mail being opened by mailroom staff.

20      Plaintiff requests that the prison system set up a special method for handling

21  legal/confidential mail, as well as payment of all court costs.

22      **A.    *Linkage Requirement and Inmate Appeals Process***

23      The Civil Rights Act under which this action was filed provides:

24          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
25          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
26          law, suit in equity, or other proper proceeding for redress.

27  42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal

28  Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

(internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

Plaintiff again files as an exhibit the first level response to grievance #SATF-E-08-00034. The exhibit shows that defendants Pugliese and Wan granted Plaintiff's appeal at the first level. Plaintiff contends that defendants Pugliese and Wan made themselves responsible for litigation because they granted Plaintiff's grievance at the first level. Responding to an inmate grievance is not sufficient in itself to establish liability under section 1983. Plaintiff must allege an actual connection or link between the actions of the defendants and the deprivation alleged to have been

suffered by Plaintiff. Defendants' actions in responding to Plaintiff's appeal cannot serve as a basis for liability.

Furthermore, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of <u>respondeat superior</u>. When a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff thus fails to state a claim upon which relief may be granted against defendants Wan and Pugliese.

Plaintiff also lists John Doe I as a defendant. Plaintiff must allege an actual connection or link between the actions of these defendants and the deprivation alleged to have been suffered by Plaintiff. The Court shall again provide Plaintiff with the legal standards most applicable to his claim. Plaintiff should carefully review these legal standards in determining whether he wishes to file an amended complaint.

Prison officials may, consistent with the First Amendment, open mail from attorneys in the presence of the prisoner for visual inspection. See <u>Wolff v. McDonnell</u>, 418 U.S. 539, 576-7 (1974); <u>Sherman v. MacDougall</u>, 656 F.2d 527, 528 (9th Cir. 1981). In <u>Wolff</u>, the Supreme Court noted that inspecting mail from attorneys in the presence of the inmate did all, and perhaps even more, than the Constitution requires. <u>Id</u>. at 577. The issue of whether or not prison officials may also, consistent with the First Amendment, open and visually inspect mail from attorneys outside the presence of the prisoner has not been decided by the Supreme Court or by the Ninth Circuit. However, inadvertent or negligent conduct will not rise to the level of a constitutional

4

violation.  <u>Stevenson v.  Koskey</u>, 877 F. 2d 1435, 1441 (9th Cir. 1989).

**III.**   **Conclusion and Order**

Plaintiff's first amended complaint fails to state a claim upon which relief may be granted under federal law.  The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick v. Hunter</u>, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim;

2.   The Clerk's Office shall send Plaintiff a complaint form;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;

4.   Plaintiff may not add any new, unrelated claims to this action via his second amended complaint and any attempt to do so will result in an order striking the

second amended complaint;

5.    If Plaintiff does not wish to pursue this action, Plaintiff may file a notice of voluntary dismissal within **thirty (30) days** from the date of service of this order; and

6.    If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

**Dated:**    **March 24, 2009**                    **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE